IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| RANDAL LEE THOMPSON, § | |
|     Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:23-CV-1154-P |
| § | |
| BRIAN PILANT, ET AL. § | |
|     Defendants. § | |

## FINDING, CONCLUSION, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE REGARDING DECLARING PLAINTIFF AS A VEXATIOUS LITIGANT

On November 14, 2023, *pro se* Plaintiff Randal Lee Thompson ("Thompson") filed a Complaint [doc. 1] against several Defendants in the above-styled and referenced case. From the Court's research, the instant case is Thompson's fifth cumulative case he has filed since May 2021 and the fourth he has filed in this district since July 2022.[1]

| Case Number | Style | Date Filed | Date Closed |
|---|---|---|---|
| 4:21-CV-371-SDJ (Eastern District) | *Thompson v. Pruett, et al.* | 5/14/2021 | 3/31/2022 |
| 4:22-CV-639-Y (Northern District) | *Thompson v. Deary, et al.* | 7/25/2022 | 2/22/2023 |
| 4:22-CV-640-P (Northern District) | *Thompson v. Bumpas, et al.* | 7/25/2022 | 12/12/2022 |
| 4:23-CV-201-O (Northern District) | *Thompson v. City of Weatherford Municipality, et al.* | 2/27/2023 | 6/28/2023 |
| 4:23-CV-1154-P (Northern District) | *Thompson v. Pilant, et al.* | 11/14/2023 | Pending |

Courts possess the inherent power "'to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority.'" *Obama v. United States*, No. 3:09-CV-2260-K, 2010 WL 668847, at *2 (N.D. Tex. Feb. 24, 2010)

---

[1] The closed cases were dismissed pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(e) and/or the Federal Rule of Civil Procedure 12(b)(6).

(quoting *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993)). Included in this inherent power is the "'power to levy sanctions in response to abusive litigation practices.'" *Id.* Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims. *Obama*, 2010 WL 668847, at *2 (citing Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993)). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Courts in the Fifth Circuit have cited the Tenth Circuit's advisory that "injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth," and that it is proper for the court to "provide[] guidelines as to what the litigant may do to obtain its permission to file an action," provided that the "litigant received notice and an opportunity to oppose the court's order before it was implemented."[2] *Flores v. U.S. Att'y Gen.*, No. 1:14-CV-198, 2015 WL 1088782, at *4 (E.D. Tex. Mar. 4, 2015) (citing *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (internal citation omitted)).

Based upon Thompson's history of filing similar multiple cases in the past several years that have, except for this pending case, all been disposed of pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(e), and/or the Federal Rule of Civil Procedure 12(b)(6), the undersigned **FINDS and CONCLUDES** that Thompson's litigation history has risen to the prevalence and level of harassment that existed in the cases cited above where sanctions were deemed appropriate. Thompson is hereby warned that sanctions may be imposed for any future abusive litigation practices. The Court would also direct that Thompson be required to obtain leave of court by motion before filing suit in this district.

---

[2] This Findings, Conclusions, and Recommendation will serve as notice to Plaintiff and provide Plaintiff with an opportunity to oppose such Recommendation prior to it being adopted by the District Court Judge.

Based on the foregoing, the Court **RECOMMENDS** that Thompson be declared a vexatious litigant and that the District Court warn Thompson by order that (1) monetary sanctions may be imposed for future vexatious litigation considered to be abusive and harassing in nature and (2) that Thompson must obtain leave to court by filing a motion before he is permitted to file any additional complaints in this district.

### ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **December 12, 2023**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

SIGNED November 28, 2023.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE